WILLIAM ROBINSON *against* WILLIAM JUSTICE and
.FRANCIS IRWIN.

2pw 19
136 600

Penrose &
Watts
2pw   19
e221  ¹575

IN ERROR.

Silence will postpone, only where silence was a fraud; and a fraudulent concealment
of title cannot be imputed to one, who was ignorant that he had any title to
conceal.
Positive acts, for the consequences of which the doer is civilly answerable, without
regard to the question of ignorance or knowledge, stand on a different ground:
for these, his title may be postponed, even without fraud; for where a loss must
fall on one of two innocent persons, it shall be borne by him whose act occa-
sioned it.
If improvements were made by one on the land of another, on the faith of an actual
disclaimer, it would be inequitable to disturb them.
The circumstance of a purchaser taking a deed, with a general. warranty, does not
form the slightest presumption, that he knew the title not to be without suspicion;
and the affirmance by a judge, in his charge to the jury, of his opinion, *as a matter
of fact*, that it does, is not error.

THIS was an appeal by the defendents from the decision of the
Circuit Court, held by *Justice Smith*, for the county of *Allegheny.*
The plaintiff and defendants, and those under whom they
respectively claimed were ·the owners of adjoining surveys; and
the only difference between them, which gave rise to this action
of ejectment, was as to the line which divided their legal rights.

The evidence in the cause, so far as it is necessary to under-
stand the decision, exhibited this state of facts:  There had been
an improvement upon and actual possession of each of the surveys
for thirty years or more.  There were marks upon the ground,
which the defendants for five and twenty years or more treated as
the marks of the division line between the surveys; and, according
to the evidence, exercised such acts of ownership up to that line,
as cutting timber for various purposes; and within twenty-one
years had made an improvement up to the said line.   There was
also some evidence that William Robinson, under whom the
plaintiff claimed, had at one time, considered the line mentioned
as his boundary; and had spoken of it as such, and that he knew
of the improvement which those, under whom the defendants
claim, were making; and gave no notice of his title or claim. At
a subsequent period the plaintiff discovered that the defendant's
improvement was within his survey; and he brought this action
of ejectment to recover all the land within his original survey.

Points of law were submitted by the defendants' counsel, upon
which his Honor was requested to charge the jury.

SMITH, J.—Stated to the jury, that if one suffered or permitted
another to go on with building on his ground, and did not forbid

him, when he was at the time conusant of his right, and the one building had no notice of the other's right, he would hold it. That if, in this case, the jury believed that *Carson* improved or built on the land in dispute, and that *Robinson* knew of it, or saw it, and was conusant of his right to the land, and yet did not caution him, or forbid him from going on with his improvements or buildings, but stood by, and saw and knew of it, he would be barred from recovering the land; and read to the jury on this subject from 2 *Johns.* 589, and then desired the jury to consider whether *Robinson* was at home, or knew of the improvements which were going on, on the land; and if so, and *Robinson* was at the the time, conusant of his title or right, they might decide in favour of the defendants; but before they did so decide, they ought to be well satisfied of all this.

That it was for the jury to say, whether the plaintiff, or those under whom he claimed, had recognized the line stated in the diagram to be S. 22, E. 115 perches, or the dogwood line; and if they thought so, the plaintiff would be bound by such recognition.

That if *Carson*, under whom the defendants claimed, or those claiming under him, knew of *Wilson's* warrant and survey, under which the plaintiff's title originated, and that the land now in dispute was included in it, it was not honest in them to take it away; and that it rather appeared to the Court, that with due diligence, they might have known this, at least in 1814, when *Carson's* survey was made, by having recourse to the book, directed by the act of 3d April, 1792, to be kept by the deputy surveyor, in which *Wilson's* survey was laid down.

That he who enters on a tract of land with title, has by construction of law, the actual possession of all the lands within the bounds of his survey, and that therefore to entitle the defendants to the benefit of the act of limitation, an adverse possession for 21 years must be shown. If the jury believe that *Carson* and the defendants under him, had an actual, adverse possession of this land, for 21 years before this suit was brought, it would avail the defendants. If *Carson* only took possession in 1814, when the survey was made, then the act of limitations cannot avail him or them, as 21 years' adverse possession would not have elapsed before the commencement of this action. If the jury believe that *Robinson* confessed himself out of possession of the land now claimed, and 21 years have elapsed, the act of limitations would run against him; for an ouster would then be presumed, although the land was not enclosed by his adversary.

If *Carson* knew that the land was in dispute when he improved or built on it, he ought to have inquired, and instituted an examination into the title of *Robinson;* and so ought the defendants to have done before they bought of *Carson*—whether they did or

not, is for the jury to decide.   The circumstance of the deed's containing a general warranty, renders it probable that the purchasers did know it, or at least that they knew the title not to be without suspicion.

The jury having rendered a verdict for the plaintiff, the defendants moved the Court for a new trial, on the ground of a misdirection of the jury.  The motion was over-ruled and the defendants appealed.

*Burke* and *Forward* for the appellants.

The unequivocal acts, and repeated declarations of the plaintiff shew conclusively, that he and those under whom he claims, did not claim the land in dispute for thirty years before suit brought. Even if he has now the legal title, he should be estopped from claiming it, because he saw the continued acts of ownership by the defendants, up to the line, and made no objection.   When a man stands by and sees improvements making on his land without objecting, he is barred forever thereafter from asserting his right thereto. 2 *Johns. Rep.* 573. And this is the law, whether the party is conusant of his right or not. *Styles* v. *Cooper,* 3 *Atk.* 692: for when both parties are equally innocent, the loss shall rest upon him on whom it falls.   *Buchanan* v. *Moore,* 13 *Serg. & Rawle,* 304.

But the statute of limitations is a bar to the plaintiff's recovery: for when a party, by his acts, and declarations, acknowledged he was out of possession, the statute will run against him. *Royer* v. *Benlow,* 10 *Serg.* & *Rawle,* 303. Here, those under whom the defendants' claim, were exercising acts of ownership on the land in dispute, for thirty years, and in addition to this, we have the declarations of the plaintiff, that he did not claim the land. Actual occupation is not necessary in order that the statute may run; for the enjoyment of a right of way for twenty-one gives the right.

A purchaser having taken a deed with *general warranty,* forms not the slightest presumption that the title he received was doubtful; and in so instructing the jury there certainly was error.

*H. M. Watts* and *Kennedy* for appellee.

The legal title to the land in dispute is admitted to be in the plaintiff, and the question is, whether he has been divested of that title, by any of his acts or declarations, or by operation of law.

By a reference to all the cases which establish the principle, that one who looks on, and sees another improving his land, without giving notice of his claim, shall not be permitted afterwards to assert his right, it will appear, that they are all based upon the ground of fraud, and the proof of *knowledge* of the party. *East. In. Co.* v. *Vincent,* 2 *Atk.* 83. *Hanning* v. *Forrers,* 1 *Eq. Ca. Ab.* 356. *Gilb. Eq. Ca.* 85. *Raw* v. *Potts,*

*Prec. in Chan.* 35. 2 *Vern.* 150. *Styles* v. *Cooper*, 3 *Atk.* 692. *Dunn* v. *Spurrier*, 7 *Ves.* 231.

In this case, the jury were perfectly satisfied that *Robinson* was ignorant of his rights until a short period before suit brought; and ignorance of title does not divest a man of his right. *Stewart* v. *Leeddestin*, 1 *Rand. Rep.* 403. And this is perfectly analogous to all the cases in Pennsylvania, where it has been so repeatedly held, that a declaration made, or act done by one, in ignorance of his rights, will not bind him.

A delay to exercise a right is not fraud; and a man does not forfeit his title by a delay short of twenty-one years. *Cox* v. *Cromwell*, 3 *Bin.* 120. *Watson* v. *Gilday*, 11 *Serg. & Rawle*, 340.

In order to the bar of a legal title by the statute of limitations, there must be an *actual* adverse possession. *Hawk* v. *Senseman*, 6 *Serg. & Rawle*, 21. *Royer* v. *Benlow*, 10 *Serg. & Rawle*, 303. In this case there was not an *actual* possession, for the length of time provided by the statute, and the constructive possession is, by law, in him who has the right. *Hall* v. *Powel*, 4 *Serg. & Rawle*, 456. Where surveys interfere, the act of limitations has no operation against him who has the better right, unless his adversary takes an *adverse* and exclusive possession: *Burns* v. *Swift*, 2 *Serg. & Rawle*, 436.

The argument that *actual* possession for twenty-one years is necessary to constitute a bar, is not answered by the case of the exercise of a right of way for twenty-one years giving a right; for that is a common-law provision, and based upon the presumption of a grant.

The opinion of the Court was delivered by

GIBSON, C. J.—It is not contested that the plaintiff's survey includes the disputed land; but the defendants, who are also purchasers for a valuable consideration, insist that he ought to be postponed for having stood by without disclosing his title, while valuable improvements were making. There is no evidence however that he knew the true boundary. The rule is clear that silence will postpone only where silence was a fraud; and a fraudulent concealment of title cannot be imputed to one who was ignorant that he had any title to conceal: and to this effect was the direction of the judge. But positive acts, for the consequences of which the doer is civilly answerable without regard to the question of ignorance or knowledge, stand on a different ground. For these, his title may be postponed even without fraud, in accordance with an equitable principle of universal application, that where a loss must necessarily fall on one of two innocent persons, it shall be borne by him whose act occasioned it. Had this principle been urged in relation to the fact, that the

(William Robinson *v.* William Justice and Francis Irwin.)

plaintiff had repeatedly shewn as his boundary, a line which excludes the land in dispute, it might have entitled the defendants to a verdict.   If the improvements were made on land purchased on the faith of an actual disclaimer, it would be inequitable to disturb them.   There was indeed no positive proof of that fact; but evidence of boundary is so much a matter of reputation, and one to which the declarations of a party in interest must so materially contribute, as to give rise to a presumption, that improvements on a purchase, where there have been any such, were made on the credit of those declarations.   Such a presumption may undoubtedly be rebutted; but the proof would seem to rest on him who controverts it.   But this ground was not taken at the trial; and although we might, to prevent injustice, give the defendants a fresh opportunity to avail themselves of it, if that were necessary; yet, as the verdict will not be conclusive in a new action, we do not feel ourselves bound to interfere.   As to the exception to an expression of the judge, that "the circumstances of the deed's containing a general warranty renders it *probable* that the purchasers knew the title not to be without suspicion," that appears evidently to have been affirmed as his opinion on matter of fact; and in that aspect, we cannot intend that it misled the jury.   It seems to me, therefore, that on the points actually submitted, the verdict is well enough.

Judgment affirmed.